**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIOFILO TORRES,<br><br>                            Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                           Defendant. | Case No.: 13-CV-0762 W (JMA)<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b) [DOC. 22]** |

      Pending before the Court is Plaintiff's counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). [Doc. 22.] Defendant does not oppose. [Doc. 23.] Plaintiff has not filed a response. The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Plaintiff's counsel's motion and awards fees in the amount of $7,763.45.

//
//
//
//
//
//

1

## I. BACKGROUND

Attorney Steven Rosales represented Plaintiff Tiofilo Torres in his appeal of an adverse decision of the Social Security Commissioner denying his claim for disability benefits. The Court granted parties' joint motion remand this case for further administrative proceedings. (*See December 9, 2013 Order* [Doc. 17].) On remand, the Commissioner awarded retroactive benefits totaling $31,053.80. (*See Notice of Award* [Doc. 22-4].) Mr. Rosales now moves for an award of $7,763.45 in fees pursuant to 42 U.S.C. § 406(b). (*Rosales Mot.* [Doc. 22].) Defendant does not oppose. (*Def.'s Non-opp'n* [Doc. 23].) Plaintiff has not filed a response.

## II. LEGAL STANDARD

**Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.**

42 U.S.C. § 406(b)(1)(A). "Congress . . . designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). "In many cases, . . . the Equal Access to Justice Act (EAJA), enacted in 1980, effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." Id. at 796 (citing 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' " Id. (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186).

2

"Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. In making this determination, the Court first looks to the agreement between the parties, then may reduce the award depending on "the character of the representation and the results the representative achieved." Id. at 807–08.

### III. DISCUSSION

When Plaintiff employed Mr. Rosales, he agreed to a contingency fee arrangement of 25% of past-due benefits awarded. (*See Torres Agreement* [Doc. 22-2].) Mr. Rosales now seeks fees of $7,763.45. (*Rosales Mot.* [Doc. 22-1] 2.) This amounts to 25% of the $31,053.80 net payable past due benefits awarded on remand. (*See Notice of Award* [Doc. 22-4].)

Mr. Rosales meets his burden of demonstrating that the fees requested are reasonable. See Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009) (applying Gisbrecht, 535 U.S. at 808). First, there is nothing to suggest that the quality of Mr. Rosales' work was substandard. He achieved favorable results for his client and recovered substantial past-due benefits for Mr. Torres. Second, no reduction for unreasonable delay is warranted. See id. at 1151–52. Third, the amount of the fees is not excessive. Mr. Rosales worked 22.7 hours on this case, which yields an hourly rate of approximately $342. This is not unreasonable, and it compensates Rosales for the risk he took in working the case on a contingent fee. (*See Rosales Invoice* [Doc. 22-5].) See id. at 1145–54 (reversing three award reductions that had begun with a lodestar calculation rather than using the agreed-upon percentage as a starting point) ("To aid the district court's evaluation of his request, Shapiro noted that the fee he requested was equivalent to 3.55 times the lodestar calculation and reasonably accounted for the risk he assumed in representing his client on a contingent-fee basis.") Had there been no recovery, Mr. Rosales would have received no fee. (*See Torres Agreement* [Doc. 22-2].)

3

In light of the character of Mr. Rosales' representation and the favorable results achieved, the figure is a reasonable one, and no downward adjustment is appropriate. See Gisbrecht, 535 U.S. at 808.

## IV. CONCLUSION & ORDER

Plaintiff's counsel's motion is **GRANTED**.

Mr. Rosales is awarded attorneys' fees in the amount of $7,763.45. He must credit the amount that he has already received in EAJA fees to Plaintiff. See Gisbrecht, 535 U.S. at 796.

**IT IS SO ORDERED.**

Dated: March 9, 2018

Hon. Thomas J. Whelan
United States District Judge